UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

----oo0oo----

STEPHEN HEINEMANN,

        Plaintiff,

  v.

COPPERHILL APARTMENTS; THE GARABALDI COMPANY; JOHN L. EVILSIZOR; MARY A. EVILSIZOR; KENNETH A. EVILSIZOR and Does 1 through 50, inclusive,

        Defendants.

NO. CIV. 07-00018 FCD DAD

MEMORANDUM AND ORDER

----oo0oo----

On Janurary 2, 2007, plaintiff Stephen Heinemann ("plaintiff") filed a complaint with this court against defendants Copperhill Apartments, The Garabaldi Company, John L. Evilsizor, Mary A. Evilsizor, and Kenneth A. Evilsizor (collectively "defendants"). On April 27, 2007, defendants moved to dismiss plaintiff's complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]  Plaintiff opposes defendants' motion

---

[1] Defendants also requested the court sanction plaintiff "for filing a frivolous lawsuit and for bringing malicious prosecution against the Current Owners." (Defs.' Mem. of P. & A., filed Apr. 27, 2007, at 7 [Docket #6].)  In their reply to plaintiff's opposition, defendants reaffirmed this request,
(continued...)

and, in the alternative, seeks leave to amend his complaint.

Because the court concludes that the complaint lacks the necessary information to place defendants on proper notice and to give them adequate ability to respond as required by Rule 8(a) of the Federal Rules of Civil Procedure, it does not reach the merits of defendants' motion to dismiss.  While the complaint is saturated with conclusory statements of the law, sweeping allegations of general misconduct, and faulty grammar, it remains barren of any "short and plain statement of the claim" required by Rule 8(a).  The Seventh Circuit recently elaborated on the meaning of Rule 8(a)'s short and plain statement requirement:

> Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud.  Federal judges have better things to do, and the substantial subsidy of litigation (court costs do not begin to cover the expense of the judiciary) should be targeted on those litigants who take the preliminary steps to assemble a comprehensible claim.

U.S. ex rel. Garst v. Lockheed–Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003).

Rule 8(a) does not permit plaintiff to file a boilerplate complaint containing generalized allegations of discrimination[2]

---

[1](...continued) explicitly seeking sanctions pursuant to Rule 11 of the Federal Rules of Civil Procedure.  (Defs.' Reply to Pl.'s Opp'n, filed July 6, 2007, at 7 [Docket #10].)  However, defendants did not file a properly noticed motion for sanctions under Rule 11, nor is there evidence that they complied with the procedural prerequisites set forth in Rule 11.  As such, the court does not reach the merits of this request.

[2] For example, plaintiff makes broad and conclusory allegations that "defendants have failed and continue to fail to provide sufficient barrier free access to the [Copperhill
(continued...)

2

in order to justify a fishing expedition into potential violations by defendants.  A plaintiff is not required to plead *detailed* facts, but he must plead *some* facts.  See <u>DM Research Inc. v. College of American Pathologists</u>, 170 F.3d 53, 55 (1st Cir. 1999) (while the complaint need not provide evidentiary detail, "the price of entry, even to discovery, is for plaintiff to allege a factual predicate concrete enough to warrant further proceedings, which may be costly and burdensome.  Conclusory allegations in a complaint, if they stand alone, are a danger sign that the plaintiff is engaged in a fishing expedition."). The Supreme Court has recently stated that "without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only "fair notice" of the nature of the claim, but also "grounds" on which the claim rests."  <u>Bell Atlantic Corp. v. Twombly</u>, 127 S.Ct. 1955, 1965 n.3 (2007).  It is inappropriate to assume that plaintiff "can prove facts which it has not alleged or that the defendants have violated the . . . laws in ways that have not been alleged." <u>Associated Gen. Contractors of Cal., Inc. v. California State Council of Carpenters</u>, 459 U.S. 519, 526 (1983).  Moreover, the court "need not assume the truth of legal conclusions cast in the form of factual allegations."  <u>United States ex rel. Chunie v. Ringrose</u>, 788 F.2d 638, 643 n.2 (9th Cir. 1986).

---

[2](...continued)
Apartments];" "defendants owed plaintiff a mandatory statutory duty;" and "defendants' negligent conduct as described herein was fraudulent, malicious and oppressive and done in conscious or reckless disregard for plaintiff's rights." (Pl.'s Compl. ¶¶ 18, 37, 40.)

3

1     To permit plaintiff to construe his complaint as entirely
2 generic and, throughout the litigation, incorporate any new
3 factual allegations without seeking amendment would read the
4 "fair notice" requirement out of Rule 8(a) and would seriously
5 undermine the rule's goal of encouraging expeditious resolution
6 of disputes.  Therefore, for the foregoing reasons, the court
7 makes the following orders:
8     (1)  Plaintiff shall file an amended complaint within thirty
9         (30) days of the date of this order, which complies
10        with Rule 8(a).  Plaintiff shall supplement his
11        complaint with pertinent information which will allow
12        defendants to properly and fully answer it.
13    (2)  Defendants pending motion to dismiss is VACATED as
14        MOOT.
15    IT IS SO ORDERED.
16 DATED: July 31, 2007.

                                        FRANK C. DAMRELL, JR.
                                        UNITED STATES DISTRICT JUDGE